IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THE BANK OF NEW YORK MELLON,                                    PLAINTIFF
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE (CWABS 2005-12)

VS.                                                CIVIL ACTION NO. 3:19-cv-27-RP

TAMMIE R. DICKERSON; JEFFREY L.
DEAR; and THE UNITED STATES OF
AMERICA                                                         DEFENDANTS

## FINAL JUDGMENT

This matter is before the Court on the Motion for Default Judgment and Entry of a Final

Judgment filed by Plaintiff, Bank of New York Mellon, f/k/a the Bank of New York, as Trustee

(CWABS 2005-12) ("Bank of New York"). Defendants Tammie R. Dickerson and Jeffrey L.

Dear have been duly served with the Plaintiff's Complaint, are not infants or unrepresented

incompetent individuals and have failed to plead or otherwise defend.  Their defaults were

recorded on February 12, 2019, and those Defendants have taken no proceedings since those

defaults were entered.  The Plaintiff has settled with the other Defendant, the United States of

America, which no longer opposes the relief requested by the Complaint.   The Court therefore

finds that the Plaintiff's motion is well-taken and should be granted.

The Court furthermore finds as follows:

1.      This action concerns real property situated in DeSoto County, Mississippi, with

an address of 8508 Southridge Cove, Walls, Mississippi 38680.

2.      On or about August 8, 2007, Mildred Marie Sartin, as executrix of the Estate of

Hervie L. Sartin Jr., executed a Warranty Deed transferring certain property in DeSoto County,

Mississippi, to Tammie R. Dickerson.  The property was more particularly described as follows:

> Lot 13, Section A, Lakeview Village Subdivision, situated in Section 23, Township 1 South, Range 9 West, DeSoto County, Mississippi, as per plat thereof recorded in Plat Book 9, Pages 9-11, in the office of the Chancery Clerk of DeSoto County, Mississippi.

The 2007 Warranty Deed was filed of record in the Office of the Chancery Clerk of DeSoto County, Mississippi, on or about August 9, 2007, in Book 565, at Page 713, and re-recorded on or about August 22, 2007, in Book 566, at Page 795.

3.     On or about June 27, 2005, to secure a loan of One Hundred Sixty-One Thousand Five Hundred and 00/100 ($161,500.00) used to purchase the subject property, Tammie R. Dickerson and Jeffery L. Dear conveyed a Deed of Trust to Eagle Mortgage & Funding Corporation.

4.     The Deed of Trust attached to this Final Judgment as Exhibit "1" is a true and correct copy of the Deed of Trust executed by Tammie R. Dickerson and Jeffery L. Dear on or about June 27, 2005, and conveyed to Eagle Mortgage & Funding Corporation. However, the Deed of Trust was not filed of record in the Office of the Chancery Clerk of DeSoto County, Mississippi, and the original copy was lost.

5.     Also on or about June 27, 2005, Eagle Mortgage & Funding Corporation executed a Corporation Assignment of Deed of Trust by which it transferred its interest in the Deed of Trust to Countrywide Document Custody Services, Inc., a division of Treasury Bank, N.A.

6.     The Corporation Assignment of Deed of Trust attached to the Complaint as Exhibit C is a true and correct copy of the Corporation Assignment of Deed of Trust executed by Eagle Mortgage & Funding Corporation on or about June 27, 2005. However, that Corporation Assignment of Deed of Trust was not filed of record in the Office of the Chancery Clerk of DeSoto County, Mississippi, and the original copy was lost.

7.      On or about August 12, 2005, Countrywide Document Custody Services, a division of Treasury Bank, N.A., executed a Corporation Assignment Deed of Trust by which it transferred its interest in the Deed of Trust to Countrywide Home Loans, Inc.

8.      The Corporation Assignment of Deed of Trust attached to the Complaint as Exhibit D is a true and correct copy of the Corporation Assignment of Deed of Trust executed on or about August 12, 2005, by Countrywide Document Services, a division of Treasury Bank, N.A.  However, that Corporation Assignment of Deed of Trust was not filed of record in the Office of the Chancery Clerk of DeSoto County, Mississippi, and the original copy was lost.

9.      Prior to execution of the Corporation Assignment of Deed of Trust addressed in ¶¶ 7-8, on or about July 7, 2005, Countrywide Home Loans, Inc., had executed a Corporation Assignment of Deed of Trust by which it transferred its interest in the Deed of Trust to Mortgage Electronic Registration Systems, Inc. ("MERS").

10.     The Corporation Assignment of Deed of Trust attached to the Complaint as Exhibit E is a true and correct copy of the Corporation Assignment of Deed of Trust executed on or about July 7, 2005.  However, that Corporation Assignment of Deed of Trust was not filed of record in the Office of the Chancery Clerk of DeSoto County, Mississippi, and the original copy was lost.

11.     On or about September 28, 2010, Countrywide Document Custody Services, a division of Treasury Bank, N.A., executed a Corporation Assignment of Deed of Trust by which it transferred its interest in the Deed of Trust to MERS.  This Corporation Assignment of Deed of Trust was recorded in the Office of the Chancery Clerk of DeSoto County on November 12, 2010, in Book 3241, at Pages 303-304.

12.     Subsequent to the assignment of the Deed of Trust to MERS, MERS transferred its interest in the Deed of Trust to the Bank of New York.  However, that Assignment was lost, and no copies of it survive.  MERS executed and Plaintiff attached as Exhibit G an Affidavit of Lost Assignment attesting that MERS transferred its interest in the Deed of Trust to the Bank of New York, that the corresponding Assignment was lost, and that no copies survive.

13.     Bank of New York is the current holder of the Deed of Trust executed by Tammie R. Dickerson and Jeffery L. Dear on or about June 27, 2005, and conveyed to Eagle Mortgage & Funding Corporation.

14.     The Deed of Trust contains a scrivener's error which should be reformed. Specifically, the legal description's current reference to "Lot 12," to which the borrowers did not have title, should be deleted.

15.     The Deed of Trust attached to this Final Judgment as Exhibit 1 is a true and correct copy of the Deed of Trust executed by Tammie R. Dickerson and Jeffery L. Dear on or about June 27, 2005, and conveyed to Eagle Mortgage & Funding Corporation.  However, the original of that Deed of Trust has been lost.  Thus, the copy attached as Exhibit 1 to this Judgment should be recorded by the Chancery Clerk of DeSoto County, Mississippi, among the county land records.

16.     Finally, the Internal Revenue Service has enrolled a Notice of Federal Tax Liens against Tammie R. Dickerson and Jeffrey L. Dear, encumbering the subject property for non-payment of federal taxes.  However, Bank of New York and the United States have reached a settlement under which the IRS' tax liens will be extinguished as to the subject real property. Thus, the Deed of Trust is a first-priority lien as to the subject property.

IT IS THEREFORE ORDERED AND ADJUDGED that the Deed of Trust attached to this Final Judgment as Exhibit 1 is a valid, first-priority lien on the subject property, and that it holds priority over any and all federal tax liens evidenced in Exhibit C to the Complaint.

IT IS FURTHER ORDERED AND ADJUDGED that Bank of New York Mellon, f/k/a the Bank of New York, as Trustee (CWABS 2005-12) is the current holder of the Deed of Trust attached as Exhibit 1 to this Final Judgment.

IT IS FURTHER ORDERED AND ADJUDGED that the Deed of Trust attached as Exhibit 1 to this Final Judgment should be and hereby is reformed such that its current reference to "Lot 12" is deleted.

IT IS FURTHER ORDERED AND ADJUDGED that this judgment shall be a final judgment, that this judgment shall be recorded in the land records of DeSoto County, Mississippi, and that each party shall bear his, her or its own costs.

SO ORDERED this the 27th day of August, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

Submitted by:

Benjamin Bryant (103623)
E-mail: bbryant@balch.com
Balch & Bingham LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 965-8171
Facsimile: (601) 961-4466